UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| **SHREVEPORT LOUISIANA HAYRIDE CO LLC** | **CIVIL ACTION NO. 07-868** |
| **VERSUS** | **JUDGE EDWARDS** |
| **JOSEPH DAVID KENT ET AL** | **MAG. JUDGE MCCLUSKY** |

# MEMORANDUM ORDER

Before the Court is a Motion to Vacate Permanent Injunction and Dissolve Settlement Agreement (R. Doc. 112) filed by defendants, Joseph David Kent ("Mr. Kent") and Louisiana Hayride, Inc., (collectively, "Defendants"). Shreveport Louisiana Hayride Company, LLC ("Plaintiff") opposes. *See* R. Docs. 137 and 138. Defendants replied. *See* R. Docs. 143 and 144.

Having carefully considered the parties' memoranda and the applicable law, the Motion is **DENIED**.

On May 30, 2025, Plaintiff filed an Emergency Motion to Reopen Case (the "Emergency Motion"), based on Defendant's use of its trademarks in violation of the Permanent Injunction (R. Doc. 61). *See* R. Doc. 63 at 1. In their response to the Emergency Motion, however, Defendants asserted new, independent claims, contending that Plaintiff breached the parties' Settlement Agreement.[1] *See generally* R. Doc. 81.

---

[1] The new, independent claims asserted that Plaintiff breached the parties' Settlement Agreement by failing to credit or pay Mr. Kent for the use of his purported products. *See* R. Doc. 81 at 2–3. In addition to these newly asserted claims, Defendants claimed that Plaintiff had abandoned the marks detailed in the Permanent Injunction. *See generally id.*

On November 17, 2025, Defendants filed their first motion to vacate. *See* R. Doc. 105. We struck the motion because Defendants had not sought leave to file it out of time. *See* R. Doc. 106. Defendants then moved for leave to file the motion to vacate, *see* R. Doc. 107, which we granted to allow the motion to be filed into the record. *See* R. Doc. 111.

We now turn to the procedural dispute this motion has engendered. Defendants' Motion to Vacate seeks two forms of relief: (1) vacatur of the Permanent Injunction, on the ground that it was procured through Plaintiff's material misrepresentations, and (2) dissolution of the Settlement Agreement, based on Plaintiff's purported breach of it. *See* R. Doc. 112 at 1. Plaintiff opposes both requests and raises a range of procedural objections to each.[2] *See generally* R. Docs. 137 and 138. In reply, Defendants seek to clarify the issues presented while also asserting that Plaintiff's focus on procedure reflects the weakness of Plaintiff's position on the merits. *See generally* R. Docs. 143 and 144.

The crux of the matter is this: Defendants ask us—through a motion, rather than a pleading—to consider claims against Plaintiff arising from the parties' Settlement Agreement. *See* R. Doc. 112 at 1. These claims, while related to the underlying allegations in the 2007 suit, are nevertheless counterclaims.

[2] Plaintiff filed two separate oppositions to Defendants' Motion to Vacate. *See* R. Docs. 137 and 138. In the first-filed opposition, Plaintiff focuses on Defendants' newly asserted claims, arguing that such claims fail on four grounds: (1) impermissible shotgun pleading; (2) lack of jurisdiction; (3) res judicata; and (4) lack of particularized facts indicating fraud. *See generally* R. Doc. 137. Plaintiff's second-filed opposition asserts that Defendants have not timely asserted their claims under Rule 60 and, in any event, have not met their burden under Rules 60 and 65. *See generally* R. Doc. 138.

Federal Rule of Civil Procedure 13 governs counterclaims and provides two types: compulsory and permissive. *See* Fed. R. Civ. P. 13(a), (b). Relevant here, counterclaims, regardless of type, must be asserted in a pleading. *See id.*; *Power Tools & Supply, Inc. v. Cooper Power Tools, Inc.*, No. 05-73615, 2007 WL 1218701, at *2 (E.D. Mich. Apr. 20, 2007) ("As the language of the rule indicates, a counterclaim is not itself a pleading, but is a claim included in some other pleading."). Rule 7 sets forth an exhaustive list of pleadings allowed in federal court. "Only these pleadings are allowed: (1) a complaint; (2) an answer to a complaint; (3) an answer to a counterclaim designated as a counterclaim; (4) an answer to a cross claim; (5) a third-party complaint; (6) an answer to a third-party complaint; and (7) if the court orders one, a reply to an answer." Fed. R. Civ. P. 7(a). Motions and supporting memoranda are not among them. *See* Fed. R. Civ. P. 7(b); s*ee also Williams v. State*, No. 14-154, 2016 WL 754629, at *1 (M.D. La. Feb. 24, 2016). A counterclaim, then, must be embedded within one of Rule 7(a)'s seven pleadings—most commonly an answer—not raised by motion. *See Authwallet, LLC v. Amarillo Nat'l Bank*, No. 24-64, 2026 WL 2211794, at *2 (W.D. Tex. July 29, 2026) ("As a threshold matter, the defendant's attempt to file a counterclaim after all claims were dismissed is procedurally improper. Absent leave of the Court, a counterclaim must be asserted in a responsive pleading.") (first citing Fed. R. Civ. P. 13(a), (b), (e); and then citing *Robbins Hardwood Flooring, Inc. v. Bolick Distributors Corp.*, 79 F.App'x 81, 83 (5th Cir. 2003)).

Typically, where pleadings have already been filed, parties seeking to assert an omitted counterclaim would request leave to amend its answer. *See Zichichi v. Jefferson Ambulatory Surgery Ctr. LLC*, No. 07-2774, 2008 WL 11350323, at *1 (E.D. La. Sept. 22, 2008) (citation omitted). "Although leave to amend pleadings 'shall be freely given when justice so requires' under Rule 15(a), leave to amend is not automatic." *Doe v. Geo Grp., Inc.*, No. 16-173, 2016 WL 6585594, at *3 (W.D. Tex. Nov. 7, 2016) (quoting *Avatar Exploration, Inc. v. Chevron, U.S.A., Inc.*, 933 F.2d 314, 320 (5th Cir. 1991)). And the decision to grant or deny amendment lies in our discretion. *See id.* But amendment is inapplicable here: Defendants have not filed a counterclaim in any pleading, so there is no pleading in the record for them to amend. *See Federated Life Ins. Co. v. Jafreh*, No. 07-3987, 2009 WL 10694135, at *4 (S.D. Tex. June 2, 2009), *report and recommendation adopted*, No. 07-3987, 2009 WL 10694105 (S.D. Tex. June 25, 2009).

Here, Defendants filed a motion to vacate, which falls squarely within Rule 7(b)'s definition of a motion, not Rule 7(a)'s exhaustive list of pleadings. In it, Defendants seek not only to vacate the Permanent Injunction on abandonment and nonuse grounds, but also to hold Plaintiff liable for claims related to breach of the Settlement Agreement. *See* R. Doc. 112 at 1. The latter are new, independent claims asserted against Plaintiff—in other words, counterclaims. *See, e.g.*, *Cordero v. Voltaire, LLC*, No. 13-253, 2013 WL 6415667, at **3–6 (W.D. Tex. Dec. 6, 2013) (explaining and applying the jurisdictional limitations on compulsory and permissive

counterclaims). Because Rule 13 requires counterclaims to be asserted in a pleading, a counterclaim raised in a motion to vacate is procedurally improper.

As for Defendants' request to vacate the Permanent Injunction on abandonment and nonuse grounds, we likewise find—in our discretion—that those claims would be better suited to a procedurally proper pleading than to a nineteen-year-old case reopened solely for remedial purposes. *See Smith & Fuller, P.A. v. Cooper Tire & Rubber Co.*, 685 F.3d 486, 491 (5th Cir. 2012) ("The district court has broad discretion to control its own docket and permit the filing of pleadings."); *see also Union City Barge Line v. Union Carbide Corp.*, 823 F.2d 129, 135 (5th Cir. 1987) (explaining that the district court has broad discretion to control its own docket). Because most of Defendants' allegations are more appropriate for a pleading, we deny Defendants' motion as filed.

## CONCLUSION

For the reasons set forth herein,

**IT IS ORDERED** that Defendants' Motion to Vacate Permanent Injunction and Dissolve Settlement Agreement (R. Doc. 112) is **DENIED**.

**THUS DONE AND SIGNED** in Chambers this 30th day of September, 2026.

**JERRY EDWARDS, JR.**
**UNITED STATES DISTRICT JUDGE**